IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SANTRY and SALLY SANTRY, | § § § | |
| Plaintiffs/Counter-Defendants, | § § | |
| V. | § § | No. 3:23-cv-649-K-BN |
| OCWEN LOAN SERVICING LLC, | § § § | |
| Defendant/Counter-Claimant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 18.

Defendant Ocwen Loan Servicing, LLC ("Ocwen") filed a Motion for Summary Judgment. *See* Dkt. No. 25. Michael Santry and Sally Santry ("the Santrys") filed a response, *see* Dkt. No. 32, and Ocwen filed a reply, *see* Dkt. No. 33.

## Background

This case concerns an attempted foreclosure. The Santrys executed a Home Equity Adjustable Rate ("Note") in the amount of $324,000.00 and a Deed of Trust granting Reliance Mortgage Company a security interest in the property, 9206 Westpark Drive, Dallas, Texas 75231, on May 19, 2000. *See* Dkt. No. 26 at 2-3. The loan agreement was assigned to multiple loan holders, including Option One Mortgage, Wells Fargo Bank Minnesota, N.A., as Trustee, and finally Wells Fargo,

as Trustee for Option One Mortgage Loan Trust 2000-5, Asset Backed Certificates, Series 2000-5. *See id.* at 3-4. PHH Mortgage Corporation is the mortgage servicer to Wells Fargo and a wholly owned subsidiary of Ocwen. *See id.* at 4. Ocwen contends "PHH is considered a mortgagee … and has the authority to conduct foreclosure proceedings on behalf of Wells Fargo." *Id.*

Ocwen alleges that the Santrys have defaulted on their loan and failed to cure the default. *See id.* at 4-5.

A foreclosure sale was set on March 7, 2023 for the property. *See id.* at 6. The sale was cancelled when the Santrys filed the current suit in state court on March 6, 2023. *See id.*; Dkt. No. 1-1 at 8. The Santrys asserted a breach of contract claim, alleging that Ocwen did not provide proper notice and an accounting and was not the true owner of the note. *See* Dkt. No. 1-1 at 8.

Ocwen removed the case and filed an answer with a counterclaim for non-judicial foreclosure. *See* Dkt. No. 1; Dkt. No. 6 at 9.

Ocwen now brings this Motion for Summary Judgment arguing that the Santry's breach of contract claim fails as a matter of law and that it is entitled to summary judgment on its for non-judicial foreclosure counterclaim. *See* Dkt. No. 26.

The Santrys contend that Ocwen has not provided proper notice as required for foreclosure and that they have not received a full and proper accounting from the Defendant. *See* Dkt. No. 32 at 3-4.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this

initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of*

*Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer*

*Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up).

And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a

finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*,780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

### I.  Breach of Contract

Ocwen states that it is entitled to summary judgment on the Santry's breach of contract claim because it did not need to provide an accounting to the Santrys, it provided proper notice, and the Santrys were in material breach. *See* Dkt. No. 26.

The Santrys respond that they did not receive proper notice and an opportunity to cure or a notice of default and have not received a proper accounting. *See* Dkt. No. 32.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *accord Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).

Ocwen admits that the note is a contract between itself and the Santrys. *See* Dkt. No. 26 at 14; *see also See Express Working Cap., LLC v. One World Cuisine Grp.*, LLC, No. 3:15-cv-3792-S, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018) (discussing that the promissory note is a written contract).

But the Santrys cannot show a breach of contract for failing to provide an accounting because, as Ocwen persuasively argues, the Deed of Trust and the Note do not require Ocwen to provide an accounting. *See id.* at 8. And an accounting is a remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.*, No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011).

As to the notice requirements, the Deed of Trust requires that the lender provide

> notice to Borrower prior to acceleration following Borrower's breach of covenant or agreement in this Security Instrument (but not proper to acceleration under Paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default may be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of property."

Dkt. No. 27-1 at 22.

The Deed of Trust further provides that the notice shall be mailed by first class and sent to the Borrower's property or any other address provided to the lenders. *See id.* at 21.

In their opposition to the motion, the Santrys contend that they did not receive a notice of default 20 days before the Notice of Sale as required by Texas Property Code § 51.002(d). *See* Dkt. No. 32 at 2. Texas Property Code § 51.002(d) states:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

The summary judgment evidence shows that Ocwen provided proper notice to the Santrys. Ocwen attaches a notice of default sent by certified mail to the Santrys at 2911 Turtle Creek Blvd, Dallas, Texas 75219. *See* Dkt. No. 27-1 at 36-41. And Ocwen attaches a declaration from Claribel Lopez, who is a contract management coordinator for PHH Mortgage Corporation. *See id.* at 2. She states that Ocwen sent Notice of Default to the Santrys in 2015, and they failed to cure the default. *See id.* at 5. She also states that 2911 Turtle Creek Blvd, Dallas, Texas 75219 is the last known address of the Santrys. *See id.*

The Notice of Default was sent on February 24, 2015, and stated that there was a default on the loan, the Santrys owed $332,734.05 under the loan, and it was due by April 2, 2015. *See id.* at 38. The Notice further states that, if the Santrys fail to pay the debt, Ocwen can choose to foreclose on the property and, "[u]pon acceleration, your total obligation will be immediately due and payable without

further demand." *Id.* This Notice satisfies the notice requirements under the Deed of Trust. And this Notice was more than 20 days before the notice of the foreclosure sale, sent on January 26, 2023. *See id* at Ex. A-9.

The Santrys also argue that they did not receive the notice of default. *See* Dkt. No. 32 at 2. But "[s]ervice of notice is complete when the notice is sent via certified mail," "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service," and Ocwen satisfied their burden by submitting this affidavit, where "[t]here is no requirement that [the Santrys] receive the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (cleaned up). Ocwen also submits a USPS tracking document, which shows they mailed the notice to the Santrys as required by the statute. *See* Dkt. No. 27-1 at 1-2.

The Santrys attach a declaration of Michael Santry to their response to the Motion to Dismiss, which states all facts in the response are true. *See* Dkt. No. 32 at 4.

While an "'affidavit can create genuine issues of material fact… even if the affidavit is self-serving and uncorroborated' if a party's affidavit 'is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 816-17 (S.D. Tex. 2020). Here, Michael Santry's affidavit is contradicted by the record provided by Defendants.

Ocwen argues that, because the Santrys are in default, they cannot maintain a breach of contract claim. Dkt. No. 26 at 12-13.

But that is not dispositive. As the United States Court of Appeals for the Fifth Circuit has stated,

> Texas courts "must ... attempt to give effect to all contract provisions so that none will be rendered meaningless." If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning. Such a reading is inconsistent with the intent of the parties and with Texas law.

*Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (quoting *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)).

Even if the Santry's default does not bar his breach of contract claim, there is no genuine issue of material fact as to Ocwen's compliance with the notice requirements.

And, so, the Court should grant Defendant summary judgment on this claim.

## II.    Non-Judicial Foreclosure

Ocwen states they are "entitled to an order allowing foreclosure because the summary judgment evidence conclusively proves: the existence of a debt; the debt is secured by a lien; a default; and proper service of a notice of default." Dkt. No. 26 at 13. Ocwen's counterclaim in their answer is for "non-judicial foreclosure." Dkt. No. 6.

While some courts have found that this is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May

31, 2019). While Ocwen does not plead a breach of contract claim in the complaint, it does mention that the note is a contract in its Motion for Summary Judgment. *See* Dkt. No. 26 at 13.

And so, the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned will analyze it under that framework.

Ocwen has shown the "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply*, 335 at 465; *accord Richardson*, 873 F. Supp. 2d at 809.

As previously discussed, Ocwen has shown the existence of a contract and performance by Ocwen. And as analyzed later, Ocwen has shown that the Santrys have breached the contract through default. Ocwen finally shows quantifiable damages by including the payment history of the Santrys and showing the balance owed on the loan. *See* Dkt. No. 27-1 at 171-182. *See U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr., Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2 v. Borunda*, No. EP-15-cv-109-PRM, 2016 WL 11578522, at *4 (W.D. Tex. Apr. 18, 2016) (finding the plaintiff had not shown damages with a reasonable degree of certainty necessary for breach of contract when they did not include any records of the defendants' payment history or records showing there was a specific and certain balance owing on the loan).

And, in Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration. *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citation omitted). A lender is only entitled to judicial foreclosure if it can affirmatively demonstrate that the borrower is in default. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

The summary judgment evidence demonstrates that Ocwen has met these requirements. Ocwen has established a debt exists under the Note and Security Instrument. Both documents demonstrate that the Santrys promised to repay the lender $324,000, plus interest. *See* Dkt. No. 27-1 at 8-24.

Ocwen has shown that the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution. The Deed of Trust states that the "[t]he extension of credit secured by the lien granted herein is the type of credit defined by Section 50(a)(6), Article XVI, of the Constitution." *See id.* at 17.

Ocwen has also shown there is a default on the loan. Ocwen attaches a declaration from Claribel Lopez, which states that Ocwen sent a Notice of Default to the Santrys in 2015, and they failed to cure the default. *See id.* at 5. Ocwen also attaches a payment history, *see id.* at 172-82, and a payoff quote dated January 17,

2024, stating that the Santrys owe $1,194,244.69, *see id.* at 185. The payment history shows a due date of October 1, 2010. *See id.* at 172.

Ocwen has also provided proper notices. As discussed in the breach of contract claim, Ocwen properly sent the Santrys a notice of default. And,

> [t]o meet the fourth element pertaining to acceleration, Plaintiff must show it provided Defendant with clear and unequivocal notice of intent to accelerate and notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); see *Huston*, 988 F. Supp. 2d at 741. "Unless a lender provides both forms of notice, it may not foreclose." *Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018).

*Deutsche Bank Nat'l Tr. Co. v. Anthony*, No. 4:19-CV-688, 2021 WL 8016157, at *3 (S.D. Tex. Feb. 22, 2021).

The Notice of Default qualifies as a Notice of Intent to Accelerate. The Notice of Default states "[f]ailure to bring your current account will result in our election exercise our right to foreclose on your property. Upon acceleration, your total obligation will be immediately due and payable without further demand. … If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action if possible." *See* Dkt. No. 27-1 at 82. *McElroy v. HSBC Bank USA, N.A.*, No. 420CV00251ALMCAN, 2021 WL 708613, at *7 (E.D. Tex. Feb. 5, 2021), *rep. & rec. adopted*, No. 4:20-CV-251, 2021 WL 694221 (E.D. Tex. Feb. 23, 2021) (finding defendant provided proper notice when it sent the notice of default with the same language as the current case).

The Notice of Default does not indicate acceleration is optional. *See Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 176 (5th Cir. 2018) ("For instance, in *Ogden*, the Texas Supreme Court held that a letter stating that the borrower's default 'may

result in acceleration' was ineffective because '[t]he letter gave no clear and unequivocal notice that [the lender] would exercise the option.' [*Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233-34 (Tex. 1982).] The court explained that, to be effective, notice of intent to accelerate must 'bring home to the mortgager that failure to cure will result in acceleration.' *Id.* at 233.") (emphasis removed).

And, so, Ocwen gave notice of intent to accelerate.

Ocwen then states that it accelerated the note by filing an Expedited Application for Foreclosure with the 298th District Court of Dallas County, Texas. *See* Dkt. No. 26 at 11. This is a proper way to accelerate the note. *See Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438-39 (5th Cir. 2017) ("After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure.") (citing *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903-04 (Tex. App. – Dallas 2008, no pet.)).

And Ocwen is a proper party to foreclose. Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).

Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note

secured by the instrument. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston [14th Dist.] 2016, no pet.). This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." TEX. BUS. & COM. CODE § 9.203(g); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 861 (N.D. Tex. 2013), *aff'd sub nom. Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238 (5th Cir. 2014) (internal citations omitted).

Wells Fargo, as trustee for Option One Mortgage Loan Trust, 2000-5, Asset-Backed Certificates, Series 2000-5 ("Wells Fargo") is a mortgagee under the Security Instrument. The original beneficiary in the Deed of Trust was Reliance Mortgage Company. *See* Dkt. No. 27-1 at 17. Reliance Mortgage Company assigned the Deed of Trust to Option One Mortgage Corporation. *See id.* at 27. Option One Mortgage Corporation assigned the Deed of Trust to Wells Fargo Bank Minnesota, NA., as Trustee. *See id.* at 30. Wells Fargo Bank Minnesota, N.A., as Trustee, assigned the Deed of Trust to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2000-5, Asset Backed Certificates, Series 2000-5 ("Wells Fargo"). *See id.* at 34. Wells Fargo is the last assigned holder of the Deed of Trust. *See id.*

> The Texas Property Code provides that a "mortgage servicer" may administer a foreclosure on behalf of a mortgagee if "the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage," proper notice is given, and notice discloses that the mortgage servicer represents the mortgagee. TEX. PROP. CODE § 51.0025.

*Martins,* 722 F.3d at 255.

The declaration of Claribel Lopez states that PHH Mortgage Corporation is "a wholly owned subsidiary of Ocwen Loan Servicing, LLC, and the servicer for Wells

Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2000-5, Asset Backed Certificates, Series 2000-5[.]" Dkt. No. 27-1 at 2.

Ocwen also argues that it properly filed for foreclosure before the statute of limitations expired. *See* Dkt. No. 26 at 16.

Under Texas law, an action for foreclosure of a real property lien must be brought within four years of when the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). After the four-year limitation period expires, the real property lien becomes void and thus may no longer be foreclosed upon. *See id.* § 16.035(d). If, as here, the note contains an option to accelerate payment upon default, "'the action accrues ... when the holder actually exercises its option to accelerate.'" *Alcala*, 684 F. App'x at 438 (quoting *Holy Cross*, 44 S.W.3d at 566).

The loan was accelerated when Ocwen filed its Expedited Application for Foreclosure on October 18, 2018.

The Bankruptcy Code provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). Section 362(a)(3) provides that the filing of a petition "operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)).

On May 7, 2019, Michael Santry filed for bankruptcy. *See* Dkt. No. 27-1 at 193. The case was dismissed July 16, 2019, tolling the statute of limitations 70 days. *See id.* at 199-200. On September 2, 2019, Michael Santry filed for bankruptcy again. *See*

*id.* at 196. The order lifting the automatic stay was signed November 26, 2019, tolling the statute of limitations 85 days. *See id.* at 202-04. Sally Santry filed for bankruptcy on February 3, 2020. *See id.* at 206. The case was discharged July 8, 2020, tolling the statute of limitations 156 days. *See id.* at 209-210. And so, that statute of limitations was tolled for a total of 311 days.

Absent the bankruptcy proceedings, the statute of limitations would have expired on October 18, 2022. But with the time tolled by the proceedings, the statute of limitations expired August 26, 2023.

Ocwen filed its counterclaim for nonjudicial foreclosure on March 31, 2023, within the statute of limitations. *See* Dkt. No. 6. Ocwen also states that its counterclaim "renewed its foreclosure claim under Texas Civil Practice & Remedies Code § 16.069." Dkt. No. 26 at 17.

> Section 16.069 provides that a party to an action may file a counterclaim or cross claim that would otherwise be barred by limitation, if the claim arises out of the same transaction or occurrence that is the basis of the action and the claim is filed no later than the 30th day after an answer is required. TEX. CIV. PRAC. & REM. CODE ANN. § 16.069. "Courts have interpreted section 16.069 as permitting a party's otherwise time-barred counterclaims or cross claims only when the opposing party has sought 'affirmative relief,' rather than just a declaration on a dispute between the parties." *Holman St. Baptist Church v. Jefferson*, 317 S.W.3d 540, 545 (Tex. App. – Houston [14th Dist.] 2010, pet. denied) (collecting cases).

*Mitchell v. Ocwen Loan Servicing LLC*, No. 4:15-CV-00668-O, 2016 WL 11663144, at *3 (N.D. Tex. Nov. 30, 2016).

The Santrys brought a claim for breach of contract on March 6, 2023. *See* Dkt. No. 1-1 at 7. Ocwen's counterclaim was brought within 30 days and arises out of the same transaction or occurrence – the attempted foreclosure on the property under the

deed of trust and loan. And so, the statute of limitations does not bar Ocwen's counterclaim.

Because there are no material issues of fact and Ocwen has shown beyond peradventure that every essential element of their claim is met, the Court should grant Ocwen summary judgment on this claim.

III.   <u>Attorneys' Fees</u>

Ocwen requests attorneys' fees in their Motion for Summary Judgment. Dkt. No. 26 at 18. And, in its answer, Ocwen states that it "seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against the Plaintiffs personally." Dkt. No. 6 at 11-12.

The Court should grant Ocwen its reasonable attorneys' fees in accordance with the Note, the Deed of Trust, and § 51.002 of the Texas Property Code.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Payne v. Wells Fargo Bank, Nat. Ass'n*, No. 3:12-cv-5219-M-BF, 2015 WL 1402321, at *7 (N.D. Tex. Mar. 26, 2015).

Here, the Note states that, "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note[.]… Those expenses include, for example, reasonable attorneys' fees. Dkt. No. 27-1 at 10. The Deed of

Trust also states that the lender can recover "costs of title evidence" and attorneys' fees. *See id.* at 22.

Because it is permitted in the relevant loan documents, Ocwen is entitled to its reasonable attorneys' fees for pursuing its foreclosure claim under the Note and Deed of Trust. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016).

The Court should order Ocwen to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Deed of Trust and the Note at issue in this case.

## Recommendation

The Court should grant Plaintiff's Motion for Summary Judgment [Dkt. No. 25] and dismiss with prejudice all of the Santry's claims.

The Court should also issue an order allowing Defendant Ocwen to proceed with foreclosure and awarding Ocwen its attorneys' fees to be determined by subsequent motion practice as an additional obligation on the Note only.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE